UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE TEAL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-3726 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**AMENDED MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant City of Houston's ("the City") motion for partial summary judgement. (Dkt. 27). Plaintiff Janice Teal filed her untimely response (Dkt. 31)[1] the same day as this court issued its memorandum opinion and order granting the City's motion ("Original Order"). (Dkt. 30). Shortly thereafter, the City filed its reply to Teal's response. (Dkt. 33). After careful consideration of the pleadings, the summary judgment evidence, and the applicable law, the court affirms its previous ruling.

In her untimely response, Teal asserts the inadequacy of the City's training procedures. She does not offer evidence to support that assertion. Rather, Teal argues that the City's failure to produce documents or training materials specifically prohibiting "sex," "sexual contact," or "improper sexual behavior," in addition to testimony that no such documents or training materials existed, is sufficient summary judgment evidence to establish a genuine issue of material fact. Teal, however, ignores the numerous policies mandating ethical conduct of the highest standard. For example, General Order 100-06 "advises officers that all employees will engage in behavior that is

---

1   Additionally, Teal filed her response in paper, not electronically as required by the Administrative Procedures for Electronic Filing in Civil and Criminal Cases effective January 1, 2007. (Dkt. 32).

beyond ethical reproach and reflects the integrity of police professionals." (Dkt. 27, Ex. B). The same order notes that "employees will uphold this country's democratic values s embodied in the Constitution." *Id.* General Order 500-20 sets out that "employees of the Houston Police Department will treat all prisoners, suspects, and citizens in a humane and lawful manner." *Id.* General Order 500-01 states that "[t]he highest regard possible will be given to arrested individuals." *Id.* General Order 500-02 states that "[e]mployees will treat all persons with respect and dignity." *Id.* General Order 200-08 requires "[o]fficers [to] exhibit professional conduct at all times and [not to] engage in any activity, including unlawful activity, that would degrade or bring disrespect upon the officer or the department." *Id.* The same order states that "[e]mployee's behavior will be limited to conduct that is reasonable and prudent." *Id.* Moreover, "[n]o employee will commit any act on duty or off duty in an official capacity that tends to bring reproach, discredit, or embarrassment to the department." *Id.* Making all possible inferences in her favor, Teal's evidence fails to establish a genuine issue of material fact.

Teal further posits that the City was deliberately indifferent in adopting what she suggests is a training policy that condones Archer's criminal conduct. Teal urges that the City's expert's statement that "no law enforcement agency can reasonably guarantee that the misconduct that occurred in this case will [n]ever happen" is an admission of deliberate indifference. For the reasons previously stated in this memorandum opinion and order and the court's Original Order, Teal's assertion is baseless. Furthermore, the expert merely admits that a police force employing over five thousand police officers, short of monitoring the officers around the clock, cannot *guarantee* that

such misconduct will never occur. Therefore, Teal's assertion that the expert's statement is sufficient proof to withstand a summary judgment challenge is untenable.[2]

The court's Original Order is fully incorporated and adopted in this amended memorandum opinion and order. For the foregoing reasons, and for reasons previously stated by the court in its Original Order, the City's motion for partial summary judgment is GRANTED.

Signed at Houston, Texas on October 31, 2007.

_____
Gray H. Miller
United States District Judge

---

[2] Having failed to establish a genuine issue of material fact with respect to the inadequacy of the City's training policy, Teal's arguments regarding causation and an actual nexus between act and government actor, for reasons fully explained in the court's Original Order, are extraneous.